# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 17, 2011

No. 10-50474
consolidated with
No. 10-50479
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

HECTOR ERNESTO HERNANDEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-109-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Hector Ernesto Hernandez was found guilty following a bench trial of one count of unlawful reentry into the United States in violation of 8 U.S.C. § 1326. The district court sentenced him to 27 months in prison, at the bottom of the guidelines range of 27 to 33 months. The court separately revoked his term of supervised release and sentenced him to a consecutive three-month prison term.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hernandez now appeals, asserting that the 27-month sentence is substantively unreasonable.  We affirm.

The record reveals that Hernandez's counsel properly objected to the sentence after it was imposed.  We thus review the reasonableness of his sentence under a deferential abuse-of-discretion standard. *Gall v. United States,* 552 U.S. 38, 51-52 (2007).  Because the sentence fell within a properly calculated guidelines range, the sentence is entitled to a rebuttable presumption of reasonableness. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Hernandez first contends that Section 2L1.2 of the United States Sentencing Guidelines represents a flawed exercise of the Sentencing Commission's role and leads to double-counting of criminal history, which results in an excessive sentence and is not sound policy.  Although the district court had the discretion to consider such policy arguments, its failure to do so does not necessarily render the sentence unreasonable. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).  As Hernandez properly concedes, his corollary argument that because Section 2L1.2 is flawed, the presumption of reasonableness should not apply, is foreclosed. *See United States v. Mondragon-Santiago,* 564 F.3d 357, 366-67 (5th Cir. 2009).

Hernandez next argues that the Guidelines range overstates the seriousness of his reentry offense, which he asserts is not a crime of violence or dangerous to others but was simply a trespassory offense.  Without reaching the specific merits of this argument, we note that Hernandez committed a federal felony for which Congress has provided significant penalties without regard to whether the unlawful entry itself is violent, and he committed the same offense previously.  In any event, Hernandez's disagreement with the policy of the Guidelines is not sufficient to show that the court abused its discretion. *See Duarte*, 569 F.3d at 530-31; *see also United States v. Aguirre-Villa*, 460 F.3d 681,

683 (5th Cir. 2006) (affirming a within-guidelines sentence where the defendant argued, inter alia, that his offense constituted only an international trespass).

We next turn to Hernandez's assertion that the district court did not take into account his history and characteristics, including his motive for reentering, the years he spent living and working in the United States, and the effect on his life of a prior conviction arising out of a car accident that he was involved in as a passenger.   The district court heard Hernandez's arguments, recited the appropriate Section 3553(a) factors, and pointed to specific facts, including Hernandez's criminal history, his prior conviction for unlawful reentry, and his contention that he chose a bench trial that did not consume many resources. Hernandez's mere disagreement with the court's assessment of the sentencing factors is not enough to rebut the presumption of reasonableness.  *See Cooks*, 589 F.3d at 186.

Finally, Hernandez raises no claims of error with respect to the revocation proceeding or the three-month revocation sentence. Thus, he has abandoned any issues on appeal regarding the revocation judgment.  *See United States v. Willingham*, 310 F.3d 367, 371 (5th Cir. 2002).

For the foregoing reasons, the judgments of the district court are AFFIRMED.